Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

**Makoto Shuttleworth**
**Price Law Group, APC**
**15760 Ventura Blvd.**
**Suite 800**
**Encino, CA 91436**
**818-995-4540 Fax: 818-995-9277**
State Bar Number: **230410**
E-mail: shuttleworth@pricelawgroup.com

FOR COURT USE ONLY

☐ *Movant(s) appearing without an attorney*
☑ *Attorney for Movant(s)*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re:

James Joseph Dubrasky
Janet Dubrasky

Debtor(s)

CASE NO.: **2:11-bk-38012-NB**
CHAPTER: **13**

### DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION

### LBR 9013-1(o)(3)

[No Hearing Required]

1. I am the ☐ Movant(s) or ☑ attorney for Movant(s) or ☐ employed by attorney for Movant(s)

2. On *(date)*: **February 2, 2016** Movant(s) filed a motion or application (Motion) entitled: **DEBTOR'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY UNDER LBR 3015-1(p).**

3. A copy of the Motion and notice of motion is attached to this declaration.

4. On *(date)*: **February 2, 2016**, Movant(s), served a copy of ☐ the notice of motion or ☑ the Motion and notice of motion on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5. Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by mail, electronically, or pursuant to F.R.Civ.P. 5(b)(2)(D), (E), or (F).

6. More than **17** days have passed after Movant(s) served the notice of motion.

7. I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing was timely filed.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California

December 2015                                      Page 1          **F 9013-1.2.NO.REQUEST.HEARING.DEC**

8.  No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street address, email address, or facsimile number specified in the notice of motion.

9.  Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

WHEREFORE, Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date:  February 22, 2016 _____

_____
Signature
**Makoto Shuttleworth**
Printed Name

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

February  2013                                        Page 2                                        F 9013-1.2.NO.HEARING.DEC

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>**Makoto Shuttleworth**<br>**Price Law Group, APC**<br>**15760 Ventura Blvd.**<br>**Suite 800**<br>**Encino, CA 91436**<br>**818-995-4540 Fax: 818-995-9277**<br>State Bar Number: 230410<br>E-mail: shuttleworth@pricelawgroup.com | FOR COURT USE ONLY |

☐ *Debtor(s) appearing without an attorney*
☑ *Attorney for: James Joseph Dubrasky and Janet Dubrasky*

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br><br>**James Joseph Dubrasky**<br>**Janet Dubrasky**<br><br><br>Debtor(s) | CASE NO.: **2:11-bk-38012-NB**<br>CHAPTER: **13**<br><br>**NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]**<br><br>[No hearing unless requested in writing] |

**TO THE U.S. TRUSTEE AND ALL PARTIES IN INTEREST. PLEASE TAKE NOTICE THAT:**

1. Movant(s) **James Joseph Dubrasky and Janet Dubrasky**, filed a motion or application (Motion) entitled **DEBTOR'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY UNDER LBR 3015-1(p)**.

2. Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3. The Motion is based upon the legal and factual grounds set forth in the Motion. (*Check appropriate box below*):

   ☑ The full Motion is attached to this notice; or

   ☐ The full Motion was filed with the court as docket entry #_____, and a detailed description of the relief sought is attached to this notice.

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                    Page 1                    **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion. The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail, electronically, or pursuant to F.R.Civ.P. 5(b)(2)(D), (E), or (F) (pursuant to FRBP 9006(f)).

   a. If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

   b. If you fail to comply with this deadline:

      (1) Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

      (2) Movant will lodge an order that the court may use to grant the Motion; and

      (3) The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]


Respectfully submitted,


Date: **February 1, 2016**


_____
Signature of Movant or attorney for Movant

Makoto Shuttleworth, Esq.
_____
Printed name of Movant or attorney for Movant

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

_December 2015_                Page 2            **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
15760 Ventura Boulevard, Suite 800
Encino, CA 91436

A true and correct copy of the foregoing document entitled **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION.** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** – Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On February 2, 2016 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

ATTORNEY FOR DEBTORS: John Chandler    john.chandler@wellsfargo.com
ECF PARTY: Felicia Clay    felicia.clay@wellsfargo.com, felicia.clay@wellsfargo.com
CHAPTER 13 TRUSTEE: Kathy A Dockery (TR)    efiling@CH13LA.com
ECF PARTY: Angela Frazier    angela.frazier@wellsfargo.com
ECF PARTY: Nancy L Lee    bknotice@rcolegal.com
ECF PARTY: Kian Mottahedeh    kian@smlawca.com
ATTORNEY FOR DEBTORS: Makoto Shuttleworth    enotice@pricelawgroup.com
ECF PARTY: Ramesh Singh    claims@recoverycorp.com
U.S. TRUSTEE: United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On February 2, 2016 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

SEE ATTACHED SERVICE LIST

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ ,I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 2, 2016 | Lidia Ramirez | _(signature)_ |
|---|---|---|
| Date | Typed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF. SERVICE**

Label Matrix for local noticing
0973-2
Case 2:11-bk-38012-NB
Central District of California
Los Angeles
Mon Feb  1 16:51:52 PST 2016

America's Servicing Co.
MAC X7801-014
3476 Stateview Blvd.
Fort Mill, SC 29715-7203

Quantum3 Group LLC as agent for
Galaxy Portfolios LLC
PO Box 788
Kirkland, WA 98083-0788

U.S. Bank National Association, as Trustee f
RCO Legal, P.S.
1241 E. Dyer Road, Suite
Santa Ana, CA 92705-5611

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

America's Servicing Company
1 Home Campus
Des Moines, IA 50328-0001

America's Servicing Company
Attention Bankruptcy Department
MAC: X7801-014
3476 Stateview Blvd
Fort Mill, South Carolina 29715-7203

Beneficial California
1854 East Alosta Avenue
Glendora, CA 91740

Bishop, White, Marshall & Weibel
901 Sunvalley Blvd, Suite 220
Concord, CA 94520-5817

Bureaus Investment Group Portfolio No 15 LLC
c/o Recovery Management Systems Corporat
25 SE 2nd Avenue Suite 1120
Miami FL 33131-1605

CIGPF I CORP
c.o Alliance One Receivables Mngmt
4850 Street Road, Ste 300
Trevose, PA 19053-6643

Capital One
Post Office Box 85167
Richmond, VA 23285-5167

Capital One Bank (USA), N.A.
by American InfoSource LP as agent
PO Box 71083
Charlotte, NC  28272-1083

Galaxy Portfolios, LLC
c/o B-Line, LLC
MS 550
PO Box 91121
Seattle, WA 98111-9221

HSBC Mortgage Services
P.O. Box 17580
Baltimore, MD 21297-1580

HSBC, Orchard Bank
Attn: Bankruptcy
PO Box 5263
Carol Stream, IL 60197-5263

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Los Angeles County Sheriff
300 East Olive
Case 08C01787
Burbank, CA 91502-1215

Orchard Bank
P.O. Box 19268
Portland, OR 97280-0268

Santander Consumer
Attn: Bankruptcy Dept.
PO Box 560284
Dallas, TX 75356-0284

Santander Consumer USA
Po Box 560284
Dallas, TX 75356-0284

Superior Court of CA, Los Angeles
23747 West Valencia Blvd
Valencia, CA 91355-2105

Toyota Motor Credit Corporation
c o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701

Vital Recovery Services, Inc
P.O. Box 923748
Norcross, GA 30010-3748

Weltman, Weinberg, & Reis Co., LPA
175 S. 3rd St., Suite 900
Columbus, OH 43215-5166

White & Whitley Group, LLC
c.o Law Offices of Kenosian & Miele
8581 Santa Monica Boulevard, Ste 17
West Hollywood, CA 90069-4120

James Joseph Dubrasky
24234 Vista Ridge Drive
Valencia, CA 91355-3162

Janet Dubrasky
24234 Vista Ridge Drive
Valencia, CA 91355-3162

Kathy A Dockery (TR)
700 S. Flower Street, Suite 1950
Los Angeles, CA 90017-4212

Kian Mottahedeh
SM Law Group, APC
16130 Ventura Blvd Ste 660
Encino, CA 91436-2543

Makoto Shuttleworth
Price Law Group, APC
15760 Ventura Blvd Ste 800
Encino, CA 91436-3000

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF

(d)Quantum3 Group LLC as agent for
Galaxy Portfolios LLC
PO Box 788
Kirkland, WA 98083-0788

| End of Label Matrix | |
| --- | --- |
| Mailable recipients | 31 |
| Bypassed recipients | 2 |
| Total | 33 |

| Attorney or Party Name, Address, Telephone and FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Makoto Shuttleworth**<br>**15760 Ventura Blvd.**<br>**Suite 800**<br>**Encino, CA 91436**<br>**818-995-4540 Fax: 818-995-9277**<br>California State Bar Number: **230410**<br>**E-mail:shuttleworth@pricelawgroup.com**<br><br>☐ *Individual appearing without attorney*<br>☑ *Attorney for:* **James Joseph Dubrasky & Janet Dubrasky** | |

## UNITED STATES BANKRUPTCY COURT
### Central District of California

| In re<br><br><br>James Joseph Dubrasky<br>Janet Dubrasky<br><br><br><br>Debtor(s). | CASE NO.: **2:11-bk-38012-NB**<br><br>CHAPTER **13**<br><hr>**DEBTOR'S MOTION FOR AUTHORITY<br>TO SELL REAL PROPERTY<br>UNDER LBR 3015-1(p)**<br><hr>[No Hearing Required] |
|---|---|

Debtor moves this Court for an order authorizing the debtor to sell the real property, described below, pursuant to the terms and conditions described herein.

1.    Debtor's Chapter 13 Plan (Plan) was confirmed on: <u>October 4, 2011</u>.

2.    Debtor wishes to sell the real property (Property) located at:
<u>24234 Vista Ridge Drive</u>
<u>Valencia, CA 91355</u>

The Property is more particularly described in Exhibit "A" attached hereto.

☐ Debtor wishes to modify the Plan for early payment of the Plan as described in the *Motion to Modify Plan* submitted by Debtor concurrently with this Motion.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                                       **F 3015-1.16.MOTION.SELL.RP**

3.    The sale price of the Property is $ <u>575,000.00</u> . The following are all of the encumbrances of record against the Property:

  a.  <u>America's Servicing Company</u>
  b.  _____
  c.  _____
  d.  _____
  e.  _____
      *(Add additional page if necessary)*

4.    After payment of the foregoing encumbrances and all costs of sale:
   ☑ there will remain the approximate sum of $<u>15,900.00</u> ; OR
   ☐ no proceeds will remain.

5.    ☑ (a) The chapter 13 trustee is hereby authorized to make demand upon escrow for sufficient funds to
          pay off the Plan with a:
          ☑ 100% dividend to unsecured creditors; OR
          ☐ _____% dividend as indicated in the confirmed plan.
      After escrow's payment of the encumbrances listed above, any remaining funds shall be paid directly to debtor.
      OR
      ☐ (b)   The chapter 13 trustee is hereby authorized to make demand upon escrow for the balance remaining after
              escrow's payment of the encumbrances listed above even though the amount is insufficient to pay off the
              Plan. The sale is for the fair market value of the Property.

6.    The escrow is being processed by:
      Escrow company name:    **Pathway Escrow, Inc.**
      Address:                27451 Tourney Road, Suite 180
                              Valencia, CA 91355
      Telephone:              (661) 705-8440
      Facsimile:              (661) 705-8448
      Escrow officer:         Andrea McCune
      Escrow number:          3032-2

7.    Supporting documents attached to this Motion are:
      a. Exhibit A – Legal description with street address
      b. Exhibit B – Escrow Instructions and Documents
      c. Exhibit C – Estimated Closing Statement
      d. Exhibit D – Schedules I and J of the bankruptcy petition

9.    Debtor agrees to provide to chapter 13 trustee a certified copy of the escrow closing statement within 14 days of the
      close of escrow as a condition to any approval of this motion.

      Date: <u>2/1/2016</u>

                                                    _____
                                                    Attorney for Debtor(s)

I declare under penalty of perjury that the foregoing is true and correct.

      Date: <u>1/30/16</u>

                                                    _____
                                                    Debtor

      Date: <u>1/30/16</u>

                                                    _____
                                                    Joint Debtor

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                                  **F 3015-1.16.MOTION.SELL.RP**

# Exhibit "A"

Exhibit "A"

LOT 103 OF TRACT NO. 31124, IN THE CITY OF SANTA CLARITA, COUNTY OF LOS ANGELES,
AS PER MAP RECORDED IN BOOK 880, PAGE 71 THROUGH 84, OF MAPS, IN THE OFFICE OF
THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL RIGHTS, NATURAL GAS RIGHTS, MINERAL RIGHTS, ALL
OTHER HYDROCARBON SUBSTANCES BY WHATSOEVER NAME KNOWN AND ALL WATER,
CLAIMS OR RIGHTS TO WATER, TOGETHER WITH APPURTENANT RIGHTS THERETO,
WITHOUT HOWEVER, ANY RIGHT TO ENTER UPON THE SURFACE OF SAID LAND NOR ANY
PORTION OF THE SURFACE LYING ABOVE A DEPTH OF 500 FEET AS EXCEPTED OR
RESERVED BY DEED RECORDED FEBRUARY 9, 1967 AS INSTRUMENT NO. 131 IN BOOK
D3554 PAGE 61 OF OFFICIAL RECORDS.

Property address: 24234 Vista Ridge Drive, Valencia, CA 91355

EXHIBIT    A

# Exhibit "B"

DocuSign Envelope ID: 7382090F-160E-400B-B7FF-84B22D889D99



**CALIFORNIA
ASSOCIATION
OF REALTORS®**

**ADDENDUM**

(C.A.R. Form ADM, Revised 12/15)    **No. _1_**

The following terms and conditions are hereby incorporated in and made a part of the: ☒ Purchase Agreement, ☐ Residential Lease or Month-to-Month Rental Agreement, ☐ Transfer Disclosure Statement (Note: An amendment to the TDS may give the Buyer a right to rescind), ☐ Other _____,
dated _____January 29, 2016_____ , on property known as _____24234 Vista Ridge Dr._____
_____Santa Clarita, Ca. 91355-3162_____
in which _____Grant Elias Tersaklan_____ is referred to as ("Buyer/Tenant")
and _____James J. Dubrasky , Janet C. Dubrasky_____ is referred to as ("Seller/Landlord").

_Home is sold as a standard sale, not a short sale. Addendums addressing short sale have been removed from contract._
_Purchase Price to be  $575,000_
_Dining room and kitchen fixtures will not be replaced._
_Home is sold in its present condition._
_Section 1 if noted to be at buyers expense._

The foregoing terms and conditions are hereby agreed to, and the undersigned acknowledge receipt of a copy of this document.

Date _____          Date _____

Buyer/Tenant _____          Seller/Landlord _____
        _Grant Elias Tersaklan_                                  _James J. Dubrasky_

Buyer/Tenant _____          Seller/Landlord _____
                                                        _Janet C. Dubrasky_

© 1986-2015, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by _____ Date _____

**ADM REVISED 12/15 (PAGE 1 OF 1)**

**ADDENDUM (ADM PAGE 1 OF 1)**

**EXHIBIT    B**



**CALIFORNIA
ASSOCIATION
OF REALTORS®**

**CALIFORNIA
RESIDENTIAL PURCHASE AGREEMENT
AND JOINT ESCROW INSTRUCTIONS**
(C.A.R. Form RPA-CA, Revised 12/15 )

Date Prepared: _____

**1. OFFER:**
   A. **THIS IS AN OFFER FROM** _____ *Grant Elias Terrabion* _____ ("Buyer").
   B. **THE REAL PROPERTY** to be acquired is ___ *24234 Vista Ridge Dr., Santa Clarita, CA 91355-3102* ___, situated in
      _*Santa Clarita*_ (City), _91355-3102_ (Zip Code), Assessor's Parcel No. _*2801010014*_ ("Property").
   C. **THE PURCHASE PRICE** offered is ___ *Five Hundred and Seventy Thousand* _____
      _____ Dollars $ ____ *570,000.00* ____
   D. **CLOSE OF ESCROW** shall occur on _____ (date)(or ☒ _129_ Days After Acceptance).
   E. Buyer and Seller are referred to herein as the "Parties." Brokers are not Parties to this Agreement.

**2. AGENCY:**
   A. **DISCLOSURE:** The Parties each acknowledge receipt of a ☒ "Disclosure Regarding Real Estate Agency Relationships"
      (C.A.R. Form AD).
   B. **CONFIRMATION:** The following agency relationships are hereby confirmed for this transaction:
      Listing Agent _____ *Keller Williams VIP Properties* _____ (Print Firm Name) is the agent of (check one):
      ☒ the Seller exclusively; or ☐ both the Buyer and Seller.
      Selling Agent _____ *Intellectual Property Group* _____ (Print Firm Name) (if not the same as the
      Listing Agent) is the agent of (check one): ☒ the Buyer exclusively; or ☐ the Seller exclusively; or ☐ both the Buyer and Seller.
   C. **POTENTIALLY COMPETING BUYERS AND SELLERS:** The Parties each acknowledge receipt of a ☒ "Possible
      Representation of More than One Buyer or Seller - Disclosure and Consent" (C.A.R. Form PRBS).

**3. FINANCE TERMS:** Buyer represents that funds will be good when deposited with Escrow Holder.
   A. **INITIAL DEPOSIT:** Deposit shall be in the amount of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ ____ 10,000.00 ____
      (1) **Buyer Direct Deposit:** Buyer shall deliver deposit directly to Escrow Holder by electronic funds
      transfer, ☐ cashier's check, ☐ personal check, ☐ other _____ within 3 business days
      after Acceptance (or _____);
      OR (2) ☐ **Buyer Deposit with Agent:** Buyer has given the deposit by personal check (or _____)
      to the agent submitting the offer (or to _____), made payable to
      _____. The deposit shall be held uncashed until Acceptance and then deposited
      with Escrow Holder within 3 business days after Acceptance (or _____).
      Deposit checks given to agent shall be an original signed check and not a copy.
      (Note: Initial and increased deposits checks received by agent shall be recorded in Broker's trust fund log.)
   B. **INCREASED DEPOSIT:** Buyer shall deposit with Escrow Holder an increased deposit in the amount of . . . . . . . . . $ _____
      within _____ Days After Acceptance (or _____).
      If the Parties agree to liquidated damages in this Agreement, they also agree to incorporate the increased
      deposit into the liquidated damages amount in a separate liquidated damages clause (C.A.R. Form
      RID) at the time the increased deposit is delivered to Escrow Holder.
   C. ☐ **ALL CASH OFFER:** No loan is needed to purchase the Property. This offer is NOT contingent on Buyer
      obtaining a loan. Written verification of sufficient funds to close this transaction IS ATTACHED to this offer or
      ☐ Buyer shall, within 3 (or _____) Days After Acceptance, Deliver to Seller such verification.
   D. **LOAN(S):**
      (1) **FIRST LOAN:** in the amount of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ ____ 430,000.00 ____
      This loan will be conventional financing or ☐ FHA, ☐ VA, ☐ Seller financing (C.A.R. Form SFA),
      ☐ assumed financing (C.A.R. Form AFA), ☐ Other _____. This loan shall be at a fixed
      rate not to exceed _4.500_ % or, ☐ an adjustable rate loan with initial rate not to exceed _____ %.
      Regardless of the type of loan, Buyer shall pay points not to exceed _1.00_ % of the loan amount.
      (2) ☐ **SECOND LOAN** in the amount of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
      This loan will be conventional financing or ☐ Seller financing (C.A.R. Form SFA), ☐ assumed
      financing (C.A.R. Form AFA), ☐ Other _____. This loan shall be at a fixed rate not to
      exceed _4.500_ % or, ☐ an adjustable rate loan with initial rate not to exceed _____ %. Regardless of
      the type of loan, Buyer shall pay points not to exceed _1.000_ % of the loan amount.
      (3) **FHA/VA:** For any FHA or VA loan specified in 3D(1), Buyer has 17 (or _____) Days After Acceptance
      to Deliver to Seller written notice (C.A.R. Form FVA) of any lender-required repairs or costs that
      Buyer requests Seller to pay for or otherwise correct. Seller has no obligation to pay or satisfy lender
      requirements unless agreed in writing. A FHA/VA amendatory clause (C.A.R. Form FVAC) shall be a
      part of this Agreement.
   E. **ADDITIONAL FINANCING TERMS:** _____
   F. **BALANCE OF DOWN PAYMENT OR PURCHASE PRICE** in the amount of . . . . . . . . . . . . . . . . . . . . . . $ ____ 130,000.00 ____
      to be deposited with Escrow Holder pursuant to Escrow Holder instructions.
   G. **PURCHASE PRICE (TOTAL):** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ ____ 570,000.00 ____

Buyer's Initials ( _G.T._ )( _____ )          Seller's Initials ( _JJD_ )( _JCD_ )

© 1991-2015, California Association of REALTORS®, Inc.

**RPA-CA REVISED 12/15 (PAGE 1 OF 10)**

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 1 OF 10)**

EXHIBIT        B

Property Address: _24234 Vista Ridge Dr., Santa Clarita , CA  91355-3162_    Date: ___12/29/2015___

**H. VERIFICATION OF DOWN PAYMENT AND CLOSING COSTS:** Buyer (or Buyer's lender or loan broker pursuant to paragraph 3J(1)) shall, within 3 (or ____) Days After Acceptance, Deliver to Seller written verification of Buyer's down payment and closing costs. ([ ] Verification attached.)

**I. APPRAISAL CONTINGENCY AND REMOVAL:** This Agreement is (or [ ] is NOT) contingent upon a written appraisal of the Property by a licensed or certified appraiser at no less than the purchase price. Buyer shall, as specified in paragraph 14B(3), in writing, remove the appraisal contingency or cancel this Agreement within 17 (or ____) Days After Acceptance.

**J. LOAN TERMS:**

**(1) LOAN APPLICATIONS:** Within 3 (or ____) Days After Acceptance, Buyer shall Deliver to Seller a letter from Buyer's lender or loan broker stating that, based on a review of Buyer's written application and credit report, Buyer is prequalified or preapproved for any NEW loan specified in paragraph 3D. If any loan specified in paragraph 3D is an adjustable rate loan, the prequalification or preapproval letter shall be based on the qualifying rate, not the initial loan rate. ( [X] Letter attached.)

**(2) LOAN CONTINGENCY:** Buyer shall act diligently and in good faith to obtain the designated loan(s). Buyer's qualification for the loan(s) specified above is a contingency of this Agreement unless otherwise agreed in writing. If there is no appraisal contingency or the appraisal contingency has been waived or removed, then failure of the Property to appraise at the purchase price does not entitle Buyer to exercise the cancellation right pursuant to the loan contingency if Buyer is otherwise qualified for the specified loan. Buyer's contractual obligations regarding deposit, balance of down payment and closing costs are not contingencies of this Agreement.

**(3) LOAN CONTINGENCY REMOVAL:**
Within 21 (or ____) Days After Acceptance, Buyer shall, as specified in paragraph 14, in writing, remove the loan contingency or cancel this Agreement. If there is an appraisal contingency, removal of the loan contingency shall not be deemed removal of the appraisal contingency.

**(4) [ ] NO LOAN CONTINGENCY:** Obtaining any loan specified above is NOT a contingency of this Agreement. If Buyer does not obtain the loan and as a result does not purchase the Property, Seller may be entitled to Buyer's deposit or other legal remedies.

**(5) LENDER LIMITS ON BUYER CREDITS:** Any credit to Buyer, from any source, for closing or other costs that is agreed to by the Parties ("Contractual Credit") and disclosed to Buyer's lender, if the total credit allowed by Buyer's lender ("Lender Allowable Credit") is less than the Contractual Credit, then (i) the Contractual Credit shall be reduced to the Lender Allowable Credit, and (ii) in the absence of a separate written agreement between the Parties, there shall be no automatic adjustment to the purchase price to make up for the difference between the Contractual Credit and the Lender Allowable Credit.

**K. BUYER STATED FINANCING:** Seller is relying on Buyer's representation of the type of financing specified (including but not limited to, as applicable, all cash, amount of down payment, or contingent or non-contingent loan). Seller has agreed to a specific closing date, purchase price and to sell to Buyer in reliance on Buyer's covenant concerning financing. Buyer shall pursue the financing specified in this Agreement. Seller has no obligation to cooperate with Buyer's efforts to obtain any financing other than that specified in the Agreement and the availability of any such alternate financing does not excuse Buyer from the obligation to purchase the Property and close escrow as specified in this Agreement.

**4. SALE OF BUYER'S PROPERTY:**

**A.** This Agreement and Buyer's ability to obtain financing are NOT contingent upon the sale of any property owned by Buyer.

**OR B.** [ ] This Agreement and Buyer's ability to obtain financing are contingent upon the sale of property owned by Buyer as specified in the attached addendum (C.A.R. Form COP).

**5. ADDENDA AND ADVISORIES:**

**A. ADDENDA:**

| | |
|---|---|
| [ ] Back Up Offer Addendum (C.A.R. Form BUO) | [ ] Addendum # ___ (C.A.R. Form ADM) |
| | [ ] Court Confirmation Addendum (C.A.R. Form CCA) |
| [ ] Septic, Well and Property Monument Addendum (C.A.R. Form SWPI) | |
| [ ] Short Sale Addendum (C.A.R. Form SSA) | [ ] Other |

**B. BUYER AND SELLER ADVISORIES:**

| | |
|---|---|
| | [X] Buyer's Inspection Advisory (C.A.R. Form BIA) |
| [ ] Probate Advisory (C.A.R. Form PA) | [ ] Statewide Buyer and Seller Advisory (C.A.R. Form SBSA) |
| [ ] Trust Advisory (C.A.R. Form TA) | [ ] REO Advisory (C.A.R. Form REO) |
| [X] Short Sale Information and Advisory (C.A.R. Form SSIA) | [ ] Other |

**6. OTHER TERMS:** _Buyer is aware this is a short sale. Home is sold in its present condition. Section II is termite report will be_
_paid by buyer._
_____

**7. ALLOCATION OF COSTS**

**A. INSPECTIONS, REPORTS AND CERTIFICATES:** Unless otherwise agreed in writing, this paragraph only determines who is to pay for the inspection, test, certificate or service ("Report") mentioned; it does not determine who is to pay for any work recommended or identified in the Report.

**(1)** [ ] Buyer [ ] Seller shall pay for a natural hazard zone disclosure report, including tax [ ] environmental [ ] Other: _____
prepared by _NHD (Brees)_

**(2)** [ ] Buyer [X] Seller shall pay for the following Report _Wood Destroying Pest Organisms/Termite_
prepared by _InvestHeart_

**(3)** [X] Buyer [ ] Seller shall pay for the following Report _Home Inspection_
prepared by _____

Buyer's Initials  _G.T._  )( _____ )    Seller's Initials ( _JJD_ )( _JCD_ )

RPA-CA REVISED 12/15 (PAGE 2 OF 10)

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 2 OF 10)**

Produced with zipForm® by zipLogix  18070 Fifteen Mile Road, Fraser, Michigan 48026    www.zipLogix.com    Crest Ellos

EXHIBIT    B

DocuSign Envelope ID: 07B225BC-52FF-4142-8CDD-47MMMMM 16612MMMM

Property Address: 24234 Vista Ridge Dr., Santa Clarita , CA 91355-3162                          Date: 12/29/2015

**B. GOVERNMENT REQUIREMENTS AND RETROFIT:**

(1) ☐ Buyer ☒ Seller shall pay for smoke alarm and carbon monoxide device installation and water heater bracing, if required by Law. Prior to Close Of Escrow ("COE"), Seller shall provide Buyer written statement(s) of compliance in accordance with state and local Law, unless Seller is exempt.

(2) (i) ☐ Buyer ☒ Seller shall pay the cost of compliance with any other minimum mandatory government inspections and reports if required as a condition of closing escrow under any Law.

(ii) ☐ Buyer ☒ Seller shall pay the cost of compliance with any other minimum mandatory government retrofit standards required as a condition of closing escrow under any Law, whether the work is required to be completed before or after COE.

(iii) Buyer shall be provided, within the time specified in paragraph 14A, a copy of any required government conducted or point-of-sale inspection report prepared pursuant to the Agreement or in anticipation of this sale of the Property.

**C. ESCROW AND TITLE:**

(1) (a) ☒ Buyer ☐ Seller shall pay escrow fee 50/50 _____
   (b) Escrow Holder shall be Pathway Escrow (McCann) _____
   (c) The Parties shall, within 5 (or ___ ) Days After receipt, sign and return Escrow Holder's general provisions.

(2) (a) ☐ Buyer ☒ Seller shall pay for owner's title insurance policy specified in paragraph 13E _____
   (b) Owner's title policy to be issued by Fidelity (Menzo) _____
   (Buyer shall pay for any title insurance policy insuring Buyer's lender, unless otherwise agreed in writing.)

**D. OTHER COSTS:**

(1) ☐ Buyer ☒ Seller shall pay County transfer tax or fee _____
(2) ☐ Buyer ☐ Seller shall pay City transfer tax or fee N/A _____
(3) ☐ Buyer ☒ Seller shall pay Homeowners' Association ("HOA") transfer fee _____
(4) Seller shall pay HOA fees for preparing documents required to be delivered by Civil Code §4525.
(5) ☐ Buyer ☐ Seller shall pay HOA fees for preparing all documents other than those required by Civil Code §4525.
(6) Buyer to pay for any HOA certification fee.
(7) ☐ Buyer ☐ Seller shall pay for any private transfer fee N/A _____
(8) ☐ Buyer ☐ Seller shall pay for _____
(9) ☐ Buyer ☐ Seller shall pay for _____
(10) ☐ Buyer ☒ Seller shall pay for the cost, not to exceed $ 700.00 _____, of a standard (or ☐ upgraded) one-year home warranty plan, issued by AHS(JD) _____, with the following optional coverages: ☒ Air Conditioner ☒ Pool/Spa ☐ Other: _____
   Buyer is informed that home warranty plans have many optional coverages in addition to those listed above. Buyer is advised to investigate these coverages to determine those that may be suitable for Buyer.

OR☐ Buyer waives the purchase of a home warranty plan. Nothing in this paragraph precludes Buyer's purchasing a home warranty plan during the term of this Agreement.

**8. ITEMS INCLUDED IN AND EXCLUDED FROM SALE:**

A. NOTE TO BUYER AND SELLER: Items listed as included or excluded in the MLS, flyers or marketing materials are not included in the purchase price or excluded from the sale unless specified in paragraph 8 B or C.

B. ITEMS INCLUDED IN SALE: Except as otherwise specified or disclosed:

(1) All EXISTING fixtures and fittings that are attached to the Property;

(2) EXISTING electrical, mechanical, lighting, plumbing and heating fixtures, ceiling fans, fireplace inserts, gas logs and grates, solar power systems, built-in appliances, window and door screens, awnings, shutters, window coverings, attached floor coverings, television antennas, satellite dishes, air coolers/conditioners, pool/spa equipment, garage door openers/remote controls, mailbox, in-ground landscaping, trees/shrubs, water features and fountains, water softeners, water purifiers, security systems/alarms and the following if checked: ☐ all stove(s), except _____ ; ☐ all refrigerator(s) except _____ ; ☐ all washer(s) and dryer(s), except _____ ;

(3) The following additional items: _____

(4) Existing integrated phone and home automation systems, including necessary components such as intranet and internet-connected hardware or devices, control units (other than non-dedicated mobile devices, electronics and computers) and applicable software, permissions, passwords, codes and access information, are (☐ are NOT) included in the sale.

(5) LEASED OR LIENED ITEMS AND SYSTEMS: Seller shall, within the time specified in paragraph 14A, (i) disclose to Buyer if any item or system specified in paragraph 8B or otherwise included in the sale is leased, or not owned by Seller, or specifically subject to a lien or other encumbrance, and (ii) Deliver to Buyer all written materials (such as lease, warranty, etc.) concerning any such item. Buyer's ability to assume any such lease, or willingness to accept the Property subject to any such lien or encumbrance, is a contingency in favor of Buyer and Seller as specified in paragraph 14B and C.

(6) Seller represents that all items included in the purchase price, unless otherwise specified, (i) are owned by Seller and shall be transferred free and clear of liens and encumbrances, except the items and systems identified pursuant to 8B(5) and ____ _____, and (ii) are transferred without Seller warranty regardless of value.

C. ITEMS EXCLUDED FROM SALE: Unless otherwise specified, the following items are excluded from sale: (i) audio and video components (such as flat screen TVs, speakers and other items) if any such item is not itself attached to the Property, even if a bracket or other mechanism attached to the component or item is attached to the Property; (ii) furniture and other items secured to the Property for earthquake purposes; and (iii) Chandeliers in dining room and kitchen

_____
_____. Brackets attached to walls, floors or ceilings for any such component, furniture or item shall remain with the Property (or ☐ will be removed and holes or other damage shall be repaired but not painted).

Buyer's Initials ( GT )( ___ )                                    Seller's Initials ( ___ )( ___ )

RPA-CA REVISED 12/15 (PAGE 3 OF 16)

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 3 OF 16)**

Produced with zipForm® by zipLogic 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com   Court Litter

EXHIBIT     B

DocuSign Envelope ID: 07B225BC-52FF-4142-8CDD-4N21H00K003

D 10

Property Address: **34534 Vista Ridge Dr., Santa Clarita, CA 91365-3162**                    Date: **12/29/2015**

**9. CLOSING AND POSSESSION:**

   **A.** Buyer intends (or ☐ does not intend) to occupy the Property as Buyer's primary residence.

   **B.** Seller-occupied or vacant property: Possession shall be delivered to Buyer: (i) at 6 PM or ( ☐ ☐ AM/☐ PM) on the date of Close Of Escrow; (ii) ☒ no later than __2__ calendar days after Close of Escrow; or (iii) ☐ at 6:00 ☐ AM/☐ PM in _____.

   **C.** Seller remaining in possession After Close Of Escrow: If Seller has the right to remain in possession after Close of Escrow, (i) the Parties are advised to sign a separate occupancy agreement such as ☐ C.A.R. Form SIP, for Seller continued occupancy of less than 30 days, ☐ C.A.R. Form RLAS for Seller continued occupancy of 30 days or more; and (ii) the Parties are advised to consult with their insurance and legal advisors for information about liability and damage or injury to persons and personal and real property; and (iii) Buyer is advised to consult with Buyer's lender about the impact of Seller's occupancy on Buyer's loan.

   **D.** Tenant-occupied property: Property shall be vacant at least 5 (or ____ ) Days Prior to Close Of Escrow, unless otherwise agreed in writing. Note to Seller: If you are unable to deliver Property vacant in accordance with rent control and other applicable Law, you may be in breach of this Agreement.

   OR ☐ Tenant to remain in possession (C.A.R. Form TIP).

   **E.** At Close Of Escrow: Seller assigns to Buyer any assignable warranty rights for items included in the sale; and Seller shall Deliver to Buyer available Copies of any such warranties. Brokers cannot and will not determine the assignability of any warranties.

   **F.** At Close Of Escrow, unless otherwise agreed in writing, Seller shall provide keys, passwords, codes and/or means to operate all locks, mailboxes, security systems, alarms, home automation systems and intranet and internet-connected devices included in the purchase price, and garage door openers. If the Property is a condominium or located in a common interest subdivision, Buyer may be required to pay a deposit to the Homeowners' Association ("HOA") to obtain keys to accessible HOA facilities.

**10. STATUTORY AND OTHER DISCLOSURES (INCLUDING LEAD-BASED PAINT HAZARD DISCLOSURES) AND CANCELLATION RIGHTS:**

   **A.** (1) Seller shall, within the time specified in paragraph 14A, Deliver to Buyer: (i) if required by Law, a fully completed: Federal Lead-Based Paint Disclosures (C.A.R. Form FLD) and pamphlet ("Lead Disclosures"); and (ii) unless exempt, fully completed disclosures or notices required by sections 1102 et. seq. and 1103 et. seq. of the Civil Code ("Statutory Disclosures"). Statutory Disclosures include, but are not limited to, a Real Estate Transfer Disclosure Statement ("TDS"), Natural Hazard Disclosure Statement ("NHD"), notice or actual knowledge of release of illegal controlled substance, notice of special tax and/or assessments (or, if allowed, substantially equivalent notice regarding the Mello-Roos Community Facilities Act of 1982 and Improvement Bond Act of 1915) and, if Seller has actual knowledge, of industrial use and military ordnance location (C.A.R. Form SPQ or ESD).

   (2) Any Statutory Disclosure required by this paragraph is considered fully completed if Seller has answered all questions and completed and signed the Seller section(s) and the Listing Agent, if any, has completed and signed the Listing Broker section(s), or, if applicable, an Agent Visual Inspection Disclosure (C.A.R. Form AVID). Nothing stated herein relieves a Buyer's Broker, if any, from the obligation to (i) conduct a reasonably competent and diligent visual inspection of the accessible areas of the Property and disclose, on Section IV of the TDS, or an AVID, material facts affecting the value or desirability of the Property that were or should have been revealed by such an inspection or (ii) complete any sections on all disclosures required to be completed by Buyer's Broker.

   (3) Note to Buyer and Seller: Waiver of Statutory and Lead Disclosures is prohibited by Law.

   (4) Within the time specified in paragraph 14A, (i) Seller, unless exempt from the obligation to provide a TDS, shall, complete and provide Buyer with a Seller Property Questionnaire (C.A.R. Form SPQ); (ii) if Seller is not required to provide a TDS, Seller shall complete and provide Buyer with an Exempt Seller Disclosure (C.A.R. Form ESD).

   (5) Buyer shall, within the time specified in paragraph 14B(1), return Signed Copies of the Statutory, Lead and other disclosures to Seller.

   (6) In the event Seller or Listing Broker, prior to Close Of Escrow, becomes aware of adverse conditions materially affecting the Property, or any material inaccuracy in disclosures, information or representations previously provided to Buyer, Seller shall promptly provide a subsequent or amended disclosure or notice, in writing, covering those items. However, a subsequent or amended disclosure shall not be required for conditions and material inaccuracies of which Buyer is otherwise aware, or which are disclosed in reports provided to or obtained by Buyer or ordered and paid for by Buyer.

   (7) If any disclosure or notice specified in paragraph 10A(1), or subsequent or amended disclosure or notice is Delivered to Buyer after the offer is Signed, Buyer shall have the right to cancel this Agreement within 3 Days After Delivery in person, or 5 Days After Delivery by deposit in the mail, by giving written notice of cancellation to Seller or Seller's agent.

   **B.** NATURAL AND ENVIRONMENTAL HAZARD DISCLOSURES AND OTHER BOOKLETS: Within the time specified in paragraph 14A, Seller shall, if required by Law: (i) Deliver to Buyer earthquake guide(s) (and questionnaire), environmental hazards booklet, and home energy rating pamphlet; (ii) disclose if the Property is located in a Special Flood Hazard Area; Potential Flooding (Inundation) Area; Very High Fire Hazard Zone; State Fire Responsibility Area; Earthquake Fault Zone; and Seismic Hazard Zone; and (iii) disclose any other zone as required by Law and provide any other information for those zones.

   **C.** WITHHOLDING TAXES: Within the time specified in paragraph 14A, to avoid required withholding, Seller shall Deliver to Buyer or qualified substitute, an affidavit sufficient to comply with federal (FIRPTA) and California withholding Law (C.A.R. Form AS or QS).

   **D.** MEGAN'S LAW DATABASE DISCLOSURE: Notice: Pursuant to Section 290.46 of the Penal Code, information about specified registered sex offenders is made available to the public via an internet Web site maintained by the Department of Justice at www.meganslaw.ca.gov. Depending on an offender's criminal history, this information will include either the address at which the offender resides or the community of residence and ZIP Code in which he or she resides. (Neither Seller nor Brokers are required to check this website. If Buyer wants further information, Broker recommends that Buyer obtain information from this website during Buyer's inspection contingency period. Brokers do not have expertise in this area.)

   **E.** NOTICE REGARDING GAS AND HAZARDOUS LIQUID TRANSMISSION PIPELINES: This notice is being provided simply to inform you that information about the general location of gas and hazardous liquid transmission pipelines is available to the public via the National Pipeline Mapping System (NPMS) Internet Web site maintained by the United States Department of Transportation at http://www.npms.phmsa.dot.gov/. To seek further information about possible transmission pipelines near the Property, you may contact your local gas utility or other pipeline operators in the area. Contact information for pipeline operators is searchable by ZIP Code and county on the NPMS Internet Web site.

   **F.** CONDOMINIUM/PLANNED DEVELOPMENT DISCLOSURES:

   (1) SELLER HAS: 7 (or ____ ) Days After Acceptance to disclose to Buyer if the Property is a condominium, or is located in a planned development or other common interest subdivision (C.A.R. Form SPQ or ESD).

Buyer's Initials ( **GT** )( _____ )                    Seller's Initials ( **JJD** )( **JCD** )

RPA-CA REVISED 12/15 (PAGE 4 OF 10)

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 4 OF 10)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026    www.zipLogix.com    Green Elite

EXHIBIT    B

DocuSign Envelope ID: 07B225BC-52FF-4142-8CDD-4769D4B669

Property Address: 34234 Vista Ridge Dr., Santa Clarita, CA 91355-3162    Date: 12/29/2015

(2) If the Property is a condominium or is located in a planned development or other common interest subdivision, Seller has 3 (or ___ ) Days After Acceptance to request from the HOA (C.A.R. Form HOA1): (i) Copies of any documents required by Law; (ii) disclosure of any pending or anticipated claim or litigation by or against the HOA; (iii) a statement containing the location and number of designated parking and storage spaces; (iv) Copies of the most recent 12 months of HOA minutes for regular and special meetings; and (v) the names and contact information of all HOAs governing the Property (collectively, "CI Disclosures"). (vi) private transfer fees; (vii) Pet fee restrictions; and (viii) smoking restrictions. Seller shall itemize and Deliver to Buyer all CI Disclosures received from the HOA and any CI Disclosures in Seller's possession. Buyer's approval of CI Disclosures is a contingency of this Agreement as specified in paragraph 14B(3). The Party specified in paragraph 7, as directed by escrow, shall deposit funds into escrow or direct to HOA or management company to pay for any of the above.

**11. CONDITION OF PROPERTY:** Unless otherwise agreed in writing: (i) the Property is sold (a) "AS-IS" in its PRESENT physical condition as of the date of Acceptance and (b) subject to Buyer's investigation rights; (ii) the Property, including pool, spa, landscaping and grounds, is to be maintained in substantially the same condition as on the date of Acceptance; and (iii) all debris and personal property not included in the sale shall be removed by Close Of Escrow.

A. Seller shall, within the time specified in paragraph 14A, DISCLOSE KNOWN MATERIAL FACTS AND DEFECTS affecting the Property, including known insurance claims within the past five years, and make any and all other disclosures required by law.

B. Buyer has the right to conduct Buyer Investigations of the Property and, as specified in paragraph 14B, based upon information discovered in those investigations: (i) cancel this Agreement; or (ii) request that Seller make Repairs or take other action.

C. Buyer is strongly advised to conduct investigations of the entire Property in order to determine its present condition. Seller may not be aware of all defects affecting the Property or other factors that Buyer considers important. Property improvements may not be built according to code, in compliance with current Law, or have had permits issued.

**12. BUYER'S INVESTIGATION OF PROPERTY AND MATTERS AFFECTING PROPERTY:**

A. Buyer's acceptance of the condition of, and any other matter affecting the Property, is a contingency of this Agreement as specified in this paragraph and paragraph 14B. Within the time specified in paragraph 14B(1), Buyer shall have the right, at Buyer's expense unless otherwise agreed, to conduct inspections, investigations, tests, surveys and other studies ("Buyer Investigations"), including, but not limited to: (i) a general physical inspection; (ii) an inspection specifically for wood destroying pests and organisms. Any inspection for wood destroying pests and organisms shall be prepared by a registered Structural Pest Control company; shall cover the main building and attached structures; may cover detached structures; shall NOT include water tests of shower pans on upper level units unless the owners of property below the shower consent; shall NOT include roof coverings; and, if the Property is a unit in a condominium or other common interest subdivision, the inspection shall include only the separate interest and any exclusive-use areas being transferred, and shall NOT include common areas; and shall include a report ("Pest Control Report") showing the findings of the company which shall be separated into sections for evident infestation or infections (Section 1) and for conditions likely to lead to infestation or infection (Section 2); (iii) inspect for lead-based paint and other lead-based paint hazards; (iv) satisfy Buyer as to any matter specified in the attached Buyer's Inspection Advisory (C.A.R. Form BIA); (v) review the registered sex offender database; (vi) confirm the insurability of Buyer and the Property including the availability and cost of flood and fire insurance; and (vii) review and seek approval of leases that may need to be assumed by Buyer. Without Seller's prior written consent, Buyer shall neither make nor cause to be made: invasive or destructive Buyer Investigations, except for minimally invasive testing required to prepare a Pest Control Report; or inspections by any governmental building or zoning inspector or government employee, unless required by Law.

B. Seller shall make the Property available for all Buyer Investigations. Buyer shall (i) as specified in paragraph 14B, complete Buyer Investigations and either remove the contingency or cancel this Agreement, and (ii) give Seller, at no cost, complete Copies of all such Investigation reports obtained by Buyer, which obligation shall survive the termination of this Agreement.

C. Seller shall have water, gas, electricity and all operable pilot lights on for Buyer's Investigations and through the date possession is made available to Buyer.

D. Buyer indemnity and seller protection for entry upon property: Buyer shall: (i) keep the Property free and clear of liens; (ii) repair all damage arising from Buyer Investigations; and (iii) indemnify and hold Seller harmless from all resulting liability, claims, demands, damages and costs. Buyer shall carry, or Buyer shall require anyone acting on Buyer's behalf to carry, policies of liability, workers' compensation and other applicable insurance, defending and protecting Seller from liability for any injuries to persons or property occurring during any Buyer Investigations or work done on the Property at Buyer's direction prior to Close Of Escrow. Seller is advised that certain protections may be afforded Seller by recording a "Notice of Non-Responsibility" (C.A.R. Form NNR) for Buyer Investigations and work done on the Property at Buyer's direction. Buyer's obligations under this paragraph shall survive the termination of this Agreement.

**13. TITLE AND VESTING:**

A. Within the time specified in paragraph 14, Buyer shall be provided a current preliminary title report ("Preliminary Report"). The Preliminary Report is only an offer by the title insurer to issue a policy of title insurance and may not contain every item affecting title. Buyer's review of the Preliminary Report and any other matters which may affect title are a contingency of this Agreement as specified in paragraph 14B. The company providing the Preliminary Report shall, prior to issuing a Preliminary Report, conduct a search of the General Index for all Sellers except banks or other institutional lenders selling properties they acquired through foreclosure (REOs), corporations, and government entities. Seller shall within 7 Days After Acceptance, give Escrow Holder a completed Statement of Information.

B. Title is taken in its present condition subject to all encumbrances, easements, covenants, conditions, restrictions, rights and other matters, whether of record or not, as of the date of Acceptance except for: (i) monetary liens of record (which Seller is obligated to pay off) unless Buyer is assuming those obligations or taking the Property subject to those obligations; and (ii) those matters which Seller has agreed to remove in writing.

C. Within the time specified in paragraph 14A, Seller has a duty to disclose to Buyer all matters known to Seller affecting title, whether of record or not.

D. At Close Of Escrow, Buyer shall receive a grant deed conveying title (or, for stock cooperative or long-term lease, an assignment of stock certificate or of Seller's leasehold interest), including oil, mineral and water rights if currently owned by Seller. Title shall vest as designated in Buyer's supplemental escrow instructions. THE MANNER OF TAKING TITLE MAY HAVE SIGNIFICANT LEGAL AND TAX CONSEQUENCES. CONSULT AN APPROPRIATE PROFESSIONAL.

Buyer's Initials ( G.T. )(        )    Seller's Initials ( JJD )( JCD )

RPA-CA REVISED 12/15 (PAGE 5 OF 10)

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 5 OF 10)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026    www.zipLogix.com    Grant Sims

EXHIBIT    B

DocuSign Envelope ID: 07B225BC-52FF-4142-8CDD-4762F71466C2    D 12

Property Address: 24234 Vista Ridge Dr., Santa Clarita, CA 91355-3162                    Date: 12/29/2015

E. Buyer shall receive a CLTA/ALTA "Homeowner's Policy of Title Insurance", if applicable to the type of property and buyer. If not, Escrow Holder shall notify Buyer. A title company can provide information about the availability, coverage, and cost of other title policies and endorsements. If the Homeowner's Policy is not available, Buyer shall choose another policy, instruct Escrow Holder in writing and shall pay any increase in cost.

**14. TIME PERIODS; REMOVAL OF CONTINGENCIES; CANCELLATION RIGHTS:** The following time periods may only be extended, altered, modified or changed by mutual written agreement. Any removal of contingencies or cancellation under this paragraph by either Buyer or Seller must be exercised in good faith and in writing (C.A.R. Form CR or CC).

A. **SELLER HAS:** 7 (or ____ ) Days After Acceptance to Deliver to Buyer all Reports, disclosures and information for which Seller is responsible under paragraphs 5, 6, 7, 8B(4), 10A, B, C, and F, 11A and 13A. If, by the time specified, Seller has not Delivered any such item, Buyer after first Delivering to Seller a Notice to Seller to Perform (C.A.R. Form NSP) may cancel this Agreement.

B. (1) **BUYER HAS:** 17 (or ____ ) Days After Acceptance, unless otherwise agreed in writing, to: (i) complete all Buyer Investigations; review all disclosures, reports, lease documents to be assumed by Buyer pursuant to paragraph 8B(5), and other applicable information, which Buyer receives from Seller; and approve all matters affecting the Property; and (ii) Deliver to Seller Signed Copies of Statutory and Lead Disclosures and other disclosures Delivered by Seller in accordance with paragraph 10A.

(2) Within the time specified in paragraph 14B(1), Buyer may request that Seller make repairs or take any other action regarding the Property (C.A.R. Form RR). Seller has no obligation to agree to or respond to (C.A.R. Form RRRR) Buyer's requests.

(3) By the end of the time specified in paragraph 14B(1) (or as otherwise specified in this Agreement), Buyer shall Deliver to Seller a removal of the applicable contingency or cancellation (C.A.R. Form CR or CC) of this Agreement. However, if any report, disclosure or information for which Seller is responsible is not Delivered within the time specified in paragraph 14A, then Buyer has 5 (or ____ ) Days After Delivery of any such items, or the time specified in paragraph 14B(1), whichever is later, to Deliver to Seller a removal of the applicable contingency or cancellation of this Agreement.

(4) Continuation of Contingency: Even after the end of the time specified in paragraph 14B(1) and before Seller cancels, if at all, pursuant to paragraph 14D, Buyer retains the right, in writing, to either (i) remove remaining contingencies, or (ii) cancel this Agreement based on a remaining contingency. Once Buyer's written removal of all contingencies is Delivered to Seller, Seller may not cancel this Agreement pursuant to paragraph 14D(1).

(5) Access to Property: Buyer shall have access to the Property to conduct inspections and investigations for 17 (or ____ ) Days After Acceptance, whether or not any part of the Buyer's Investigation Contingency has been waived or removed.

C. ☐ **REMOVAL OF CONTINGENCIES WITH OFFER:** Buyer removes the contingencies specified in the attached Contingency Removal form (C.A.R. Form CR). If Buyer removes any contingency without an adequate understanding of the Property's condition or Buyer's ability to purchase, Buyer is acting against the advice of Broker.

D. **SELLER RIGHT TO CANCEL:**

(1) Seller right to Cancel; Buyer Contingencies: If, by the time specified in this Agreement, Buyer does not Deliver to Seller a removal of the applicable contingency or cancellation of this Agreement, then Seller, after first Delivering to Buyer a Notice to Buyer to Perform (C.A.R. Form NBP), may cancel this Agreement. In such event, Seller shall authorize the return of Buyer's deposit, except for fees incurred by Buyer.

(2) Seller right to Cancel; Buyer Contract Obligations: Seller, after first delivering to Buyer a NBP, may cancel this Agreement if, by the time specified in this Agreement, Buyer does not take the following action(s): (i) Deposit funds as required by paragraph 3A, or 3B or if the funds deposited pursuant to paragraph 3A or 3B are not good when deposited; (ii) Deliver a notice of FHA or VA costs or terms as required by paragraph 3D(3) (C.A.R. Form FVA); (iii) Deliver a letter as required by paragraph 3J(1); (iv) Deliver verification, or a satisfactory verification if Seller reasonably disapproves of the verification already provided, as required by paragraph 3C or 3H; (v) In writing assume or accept leases or liens specified in 8B6; (vi) Return Statutory and Lead Disclosures as required by paragraph 10A(5); or (vii) Sign or initial a separate liquidated damages form for an increased deposit as required by paragraphs 3B and 21B; or (viii) Provide evidence of authority to sign in a representative capacity as specified in paragraph 19. In such event, Seller shall authorize the return of Buyer's deposit, except for fees incurred by Buyer.

E. **NOTICE TO BUYER OR SELLER TO PERFORM:** The NBP or NSP shall: (i) be in writing; (ii) be signed by the applicable Buyer or Seller; and (iii) give the other Party at least 2 (or ____ ) Days After Delivery (or until the time specified in the applicable paragraph, whichever occurs last) to take the applicable action. A NBP or NSP may not be Delivered any earlier than 2 Days Prior to the expiration of the applicable time for the other Party to remove a contingency or cancel this Agreement or meet an obligation specified in paragraph 14.

F. **EFFECT OF BUYER'S REMOVAL OF CONTINGENCIES:** If Buyer removes, in writing, any contingency or cancellation rights, unless otherwise specified in writing, Buyer shall conclusively be deemed to have: (i) completed all Buyer Investigations, and review of reports and other applicable information and disclosures pertaining to that contingency or cancellation right; (ii) elected to proceed with the transaction; and (iii) assumed all liability, responsibility and expense for Repairs or corrections pertaining to that contingency or cancellation right, or for the inability to obtain financing.

G. **CLOSE OF ESCROW:** Before Buyer or Seller may cancel this Agreement for failure of the other Party to close escrow pursuant to this Agreement, Buyer or Seller must first Deliver to the other Party a demand to close escrow (C.A.R. Form DCE). The DCE shall: (i) be signed by the applicable Buyer or Seller; and (ii) give the other Party at least 3 (or ____ ) Days After Delivery to close escrow. A DCE may not be Delivered any earlier than 3 Days Prior to the scheduled close of escrow.

H. **EFFECT OF CANCELLATION ON DEPOSITS:** If Buyer or Seller gives written notice of cancellation pursuant to rights duly exercised under the terms of this Agreement, the Parties agree to Sign mutual instructions to cancel the sale and escrow and release deposits, if any, to the party entitled to the funds, less fees and costs incurred by that party. Fees and costs may be payable to service providers and vendors for services and products provided during escrow. Except as specified below, release of funds will require mutual Signed release instructions from the Parties, judicial decision or arbitration award. If either Party fails to execute mutual instructions to cancel escrow, one Party may make a written demand to Escrow Holder for the deposit. (C.A.R. Form BDRD or SDRD). Escrow Holder, upon receipt, shall promptly deliver notice of the demand to the other Party. If, within 10 Days After Escrow Holder's notice, the other Party does not object to the demand, Escrow Holder shall disburse the deposit to the Party making the demand. If Escrow Holder complies with the preceding process, each Party shall be deemed to have released Escrow Holder from any and all claims or liability related to the disbursal of the deposit. Escrow Holder, at its discretion, may nonetheless require mutual cancellation instructions. A Party may be subject to a civil penalty of up to $1,000 for refusal to sign cancellation instructions if no good faith dispute exists as to who is entitled to the deposited funds (Civil Code §1057.3).

Buyer's Initials ( G.T. )( )                    Seller's Initials ( JJD )( JCD )

RPA-CA REVISED 12/15 (PAGE 8 OF 10)

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 8 OF 10)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com        Grant Ridge

EXHIBIT    B

DocuSign Envelope ID: 07B225BC-52FF-4142-8CDD-4FB184EB6832                                                                   D 13

Property Address: 24234 Vista Ridge Dr., Santa Clarita, CA 91355-3162                         Date:   12/29/2015

**15. FINAL VERIFICATION OF CONDITION:** Buyer shall have the right to make a final verification of the Property within 5 (or ☐ ___ ) Days
Prior to Close Of Escrow, NOT AS A CONTINGENCY OF THE SALE, but solely to confirm: (i) the Property is maintained pursuant to paragraph 11;
(ii) Repairs have been completed as agreed; and (iii) Seller has complied with Seller's other obligations under this Agreement (C.A.R. Form VP).

**16. REPAIRS:** Repairs shall be completed prior to final verification of condition unless otherwise agreed in writing. Repairs to be performed at
Seller's expense may be performed by Seller or through others, provided that the work complies with applicable Law, including
governmental permit, inspection and approval requirements. Repairs shall be performed in a good, skillful manner with materials of quality
and appearance comparable to existing materials. It is understood that exact restoration of appearance or cosmetic items following all
Repairs may not be possible. Seller shall: (i) obtain invoices and paid receipts for Repairs performed by others; (ii) prepare a written
statement indicating the Repairs performed by Seller and the date of such Repairs; and (iii) provide Copies of invoices and paid receipts
and statements to Buyer prior to final verification of condition.

**17. PRORATIONS OF PROPERTY TAXES AND OTHER ITEMS:** Unless otherwise agreed in writing, the following items shall be PAID CURRENT
and prorated between Buyer and Seller as of Close Of Escrow: real property taxes and assessments, interest, rents, HOA regular, special, and
emergency dues and assessments imposed prior to Close Of Escrow, premiums on insurance assumed by Buyer, payments on bonds and
assessments assumed by Buyer, and payments on Mello-Roos and other Special Assessment District bonds and assessments that are now a
lien. The following items shall be assumed by Buyer WITHOUT CREDIT toward the purchase price: prorated payments on Mello-Roos and
other Special Assessment District bonds and assessments and HOA special assessments that are now a lien but not yet due. Property will be
reassessed upon change of ownership. Any supplemental tax bills shall be paid as follows: (i) for periods after Close Of Escrow, by Buyer; and
(ii) for periods prior to Close Of Escrow, by Seller (see C.A.R. Form SPT or SBSA for further information). TAX BILLS ISSUED AFTER CLOSE
OF ESCROW SHALL BE HANDLED DIRECTLY BETWEEN BUYER AND SELLER. Prorations shall be made based on a 30-day month.

**18. BROKERS:**

    **A. COMPENSATION:** Seller or Buyer, or both, as applicable, agree to pay compensation to Broker as specified in a separate written
agreement between Broker and that Seller or Buyer. Compensation is payable upon Close Of Escrow, or if escrow does not close, as
otherwise specified in the agreement between Broker and that Seller or Buyer.

    **B. SCOPE OF DUTY:** Buyer and Seller acknowledge and agree that Broker: (i) Does not decide what price Buyer should pay or Seller
should accept; (ii) Does not guarantee the condition of the Property; (iii) Does not guarantee the performance, adequacy or
completeness of inspections, services, products or repairs provided or made by Seller or others; (iv) Does not have an obligation
to conduct an inspection of common areas or areas off the site of the Property; (v) Shall not be responsible for identifying defects
on the Property, in common areas, or offsite unless such defects are visually observable by an inspection of reasonably accessible
areas of the Property or are known to Broker; (vi) Shall not be responsible for inspecting public records or permits concerning the
title or use of Property; (vii) Shall not be responsible for identifying the location of boundary lines or other items affecting title; (viii)
Shall not be responsible for verifying square footage, representations of others or information contained in Investigation reports,
Multiple Listing Service, advertisements, flyers or other promotional material; (ix) Shall not be responsible for determining the fair
market value of the Property or any personal property included in the sale; (x) Shall not be responsible for providing legal or tax
advice regarding any aspect of a transaction entered into by Buyer or Seller; and (xi) Shall not be responsible for providing
other advice or information that exceeds the knowledge, education and experience required to perform real estate licensed
activity. Buyer and Seller agree to seek legal, tax, insurance, title and other desired assistance from appropriate professionals.

**19. REPRESENTATIVE CAPACITY:** If one or more Parties is signing this Agreement in a representative capacity and not for him/herself
as an individual then that Party shall so indicate in paragraph 31 or 32 and attach a Representative Capacity Signature Disclosure
(C.A.R. Form RCSD). Wherever the signature or initials of the representative identified in the RCSD appear on this Agreement
or any related documents, it shall be deemed to be in a representative capacity for the entity described and not in an individual
capacity, unless otherwise indicated. The Party acting in a representative capacity (i) represents that the entity for which that party is acting
already exists and (ii) shall Deliver to the other Party and Escrow Holder, within 3 Days After Acceptance, evidence of authority to act in
that capacity (such as but not limited to: applicable portion of the trust or Certification Of Trust (Probate Code §18100.5), letters
testamentary, court order, power of attorney, corporate resolution, or formation documents of the business entity).

**20. JOINT ESCROW INSTRUCTIONS TO ESCROW HOLDER:**

    **A.** The following paragraphs, or applicable portions thereof, of this Agreement constitute the joint escrow instructions
of Buyer and Seller to Escrow Holder, which Escrow Holder is to use along with any related counter offers and addenda,
and any additional mutual instructions to close the escrow: paragraphs 1, 3, 4B, 5A, 6, 7, 10C, 13, 14G, 17, 18A, 19, 20, 26,
29, 30, 31, 32 and paragraph D of the section titled Real Estate Brokers on page 10. If a Copy of the separate compensation
agreement(s) provided for in paragraph 18A, or paragraph D of the section titled Real Estate Brokers on page 10 is deposited
with Escrow Holder by Broker, Escrow Holder shall accept such agreement(s) and pay out from Buyer's or Seller's funds, or
both, as applicable, the Broker's compensation provided for in such agreement(s). The terms and conditions of this Agreement
not set forth in the specified paragraphs are additional matters for the information of Escrow Holder, but about which Escrow
Holder need not be concerned. Buyer and Seller will receive Escrow Holder's general provisions, if any, directly from Escrow
Holder and will execute such provisions within the time specified in paragraph 7C(1)(c). To the extent the general provisions are
inconsistent or conflict with this Agreement, the general provisions will control as to the duties and obligations of Escrow Holder
only. Buyer and Seller will execute additional instructions, documents and forms provided by Escrow Holder that are reasonably
necessary to close the escrow and, as directed by Escrow Holder, within 3 (or ___ ) Days, shall pay to Escrow Holder or HOA or
HOA management company or others any fee required by paragraphs 7, 10 or elsewhere in this Agreement.

    **B.** A Copy of this Agreement including any counter offer(s) and addenda shall be delivered to Escrow Holder within 3 Days After
Acceptance (or _____ ). Buyer and Seller authorize Escrow
Holder to accept and rely on Copies and Signatures as defined in this Agreement as originals, to open escrow and for other
purposes of escrow. The validity of this Agreement as between Buyer and Seller is not affected by whether or when Escrow
Holder Signs this Agreement. Escrow Holder shall provide Seller's Statement of Information to Title company when received
from Seller. If Seller delivers an affidavit to Escrow Holder to satisfy Seller's FIRPTA obligation under paragraph 10C, Escrow
Holder shall deliver to Buyer a Qualified Substitute statement that complies with federal Law.

Buyer's Initials (  GT.  )( ___ )                                         Seller's Initials ( JJD )( JCD )

RPA-CA REVISED 12/15 (PAGE 7 OF 10)

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 7 OF 10)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026    www.zipLogix.com                    Cross Miller

# EXHIBIT    B

DocuSign Envelope ID: 07B225BC-52FF-4142-8CDD-4C1B34FDE668

D 14

**Property Address:** 24234 Vista Ridge Dr., Santa Clarita, CA 91355-3162          Date:   12/29/2015

C. Brokers are a party to the escrow for the sole purpose of compensation pursuant to paragraph 18A and paragraph D of the section titled Real Estate Brokers on page 10. Buyer and Seller irrevocably assign to Brokers compensation specified in paragraph 18A, and irrevocably instruct Escrow Holder to disburse those funds to Brokers at Close Of Escrow or pursuant to any other mutually executed cancellation agreement. Compensation instructions can be amended or revoked only with the written consent of Brokers. Buyer and Seller shall release and hold harmless Escrow Holder from any liability resulting from Escrow Holder's payment to Broker(s) of compensation pursuant to this Agreement.

D. Upon receipt, Escrow Holder shall provide Seller and Seller's Broker verification of Buyer's deposit of funds pursuant to paragraph 3A and 3B. Once Escrow Holder becomes aware of any of the following, Escrow Holder shall immediately notify all Brokers: (i) if Buyer's initial or any additional deposit or down payment is not made pursuant to this Agreement, or is not good at time of deposit with Escrow Holder; or (ii) if Buyer and Seller instruct Escrow Holder to cancel escrow.

E. A Copy of any amendment that affects any paragraph of this Agreement for which Escrow Holder is responsible shall be delivered to Escrow Holder within 3 Days after mutual execution of the amendment.

**21. REMEDIES FOR BUYER'S BREACH OF CONTRACT:**

A. Any clause added by the Parties specifying a remedy (such as release or forfeiture of deposit or making a deposit non-refundable) for failure of Buyer to complete the purchase in violation of this Agreement shall be deemed invalid unless the clause independently satisfies the statutory liquidated damages requirements set forth in the Civil Code.

B. **LIQUIDATED DAMAGES:** If Buyer fails to complete this purchase because of Buyer's default, Seller shall retain, as liquidated damages, the deposit actually paid. If the Property is a dwelling with no more than four units, one of which Buyer intends to occupy, then the amount retained shall be no more than 3% of the purchase price. Any excess shall be returned to Buyer. Except as provided in paragraph 14G, release of funds will require mutual, Signed release instructions from both Buyer and Seller, judicial decision or arbitration award. **AT THE TIME OF ANY INCREASED DEPOSIT BUYER AND SELLER SHALL SIGN A SEPARATE LIQUIDATED DAMAGES PROVISION INCORPORATING THE INCREASED DEPOSIT AS LIQUIDATED DAMAGES (C.A.R. FORM DID).**

Buyer's Initials  GT / _____          Seller's Initials  JCD

**22. DISPUTE RESOLUTION:**

A. **MEDIATION:** The Parties agree to mediate any dispute or claim arising between them out of this Agreement, or any resulting transaction, before resorting to arbitration or court action through the C.A.R. Real Estate Mediation Center for Consumers (www.consumermediation.org) or through any other mediation provider or service mutually agreed to by the Parties. The Parties also agree to mediate any disputes or claims with Broker(s), who, in writing, agree to such mediation prior to, or within a reasonable time after, the dispute or claim is presented to the Broker. Mediation fees, if any, shall be divided equally among the Parties involved. If, for any dispute or claim to which this paragraph applies, any Party (i) commences an action without first attempting to resolve the matter through mediation, or (ii) before commencement of an action, refuses to mediate after a request has been made, then that Party shall not be entitled to recover attorney fees, even if they would otherwise be available to that Party in any such action. THIS MEDIATION PROVISION APPLIES WHETHER OR NOT THE ARBITRATION PROVISION IS INITIALED. Exclusions from this mediation agreement are specified in paragraph 22C.

B. **ARBITRATION OF DISPUTES:**

The Parties agree that any dispute or claim in Law or equity arising between them out of this Agreement or any resulting transaction, which is not settled through mediation, shall be decided by neutral, binding arbitration. The Parties also agree to arbitrate any disputes or claims with Broker(s), who, in writing, agree to such arbitration prior to, or within a reasonable time after, the dispute or claim is presented to the Broker. The arbitrator shall be a retired judge or justice, or an attorney with at least 5 years of residential real estate Law experience, unless the parties mutually agree to a different arbitrator. The Parties shall have the right to discovery in accordance with Code of Civil Procedure §1283.05. In all other respects, the arbitration shall be conducted in accordance with Title 9 of Part 3 of the Code of Civil Procedure. Judgment upon the award of the arbitrator(s) may be entered into any court having jurisdiction. Enforcement of the agreement to arbitrate shall be governed by the Federal Arbitration Act. Exclusions from this arbitration agreement are specified in paragraph 22C.

"NOTICE: BY INITIALING IN THE SPACE BELOW YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. BY INITIALING IN THE SPACE BELOW YOU ARE GIVING UP YOUR JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS THOSE RIGHTS ARE SPECIFICALLY INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION. IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE CALIFORNIA CODE OF CIVIL PROCEDURE. YOUR AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY."

"WE HAVE READ AND UNDERSTAND THE FOREGOING AND AGREE TO SUBMIT DISPUTES ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION TO NEUTRAL ARBITRATION."

Buyer's Initials  GT / _____          Seller's Initials _____ / _____

C. **ADDITIONAL MEDIATION AND ARBITRATION TERMS:**

(1) **EXCLUSIONS:** The following matters are excluded from mediation and arbitration: (i) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage or installment land sale contract as defined in Civil Code §2985; (ii) an unlawful detainer action; and (iii) any matter that is within the jurisdiction of a probate, small claims or bankruptcy court.

Buyer's Initials ( GT )( _____ )          Seller's Initials ( JJD )( JCD )

RPA-CA REVISED 12/15 (PAGE 8 OF 10)

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT   (RPA-CA PAGE 8 OF 10)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

EXHIBIT   B

Property Address: _34234 Vista Ridge Dr., Santa Clarita , CA 91355-3162_ _____ Date: _____

**32. ACCEPTANCE OF OFFER:** Seller warrants that Seller is the owner of the Property, or has the authority to execute this Agreement. Seller accepts the above offer, and agrees to sell the Property on the above terms and conditions. Seller has read and acknowledges receipt of a Copy of this Agreement, and authorizes Broker to Deliver a Signed Copy to Buyer.

☐ (If checked) SELLER'S ACCEPTANCE IS SUBJECT TO ATTACHED COUNTER OFFER (C.A.R. Form SCO or SMCO) DATED: _____
_____

☐ One or more Sellers is signing this Agreement in a representative capacity and not for him/herself as an individual. See attached Representative Capacity Signature Disclosure (C.A.R. Form RCSD) for additional terms.

Date _12/30/2015_   SELLER   _James J. Dubrasky_
(Print name) _James J. Dubrasky_
Date _12/30/2015_   SELLER   _Janet C. Dubrasky_  DocuSigned by: A66C2BD891DE471...
(Print name) _Janet C. Dubrasky_   A66C2BD891DE471...

☐ Additional Signature Addendum attached (C.A.R. Form ASA).

(_____/_____) (Do not initial if making a counter offer.) **CONFIRMATION OF ACCEPTANCE:** A Copy of Signed Acceptance was
(Initials)   personally received by Buyer or Buyer's authorized agent on (date) _____ at
☐ AM/ ☐ PM. A binding Agreement is created when a Copy of Signed Acceptance is personally received by
Buyer or Buyer's authorized agent whether or not confirmed in this document. Completion of this confirmation
is not legally required in order to create a binding Agreement; it is solely intended to evidence the date that
Confirmation of Acceptance has occurred.

---

**REAL ESTATE BROKERS:**
A. Real Estate Brokers are not parties to the Agreement between Buyer and Seller.
B. Agency relationships are confirmed as stated in paragraph 2.
C. If specified in paragraph 3A(2), Agent who submitted the offer for Buyer acknowledges receipt of deposit.
D. **COOPERATING BROKER COMPENSATION:** Listing Broker agrees to pay Cooperating Broker (Selling Firm) and Cooperating Broker agrees to accept, out of Listing Broker's proceeds in escrow, the amount specified in the MLS, provided Cooperating Broker is a Participant of the MLS in which the Property is offered for sale or a reciprocal MLS. If Listing Broker and Cooperating Broker are not both Participants of the MLS, or a reciprocal MLS, in which the Property is offered for sale, then compensation must be specified in a separate written agreement (C.A.R. Form CBC). Declaration of License and Tax (C.A.R. Form DLT) may be used to document that tax reporting will be required or that an exemption exists.

Real Estate Broker (Selling Firm) _Intellectual Property Group_ _____ CalBRE Lic. # _ITC-00894_
By _____ _Asbet A. Issakhanian_ CalBRE Lic. # _01010790_ Date _12/29/2015_
By _____ CalBRE Lic. # _____ Date _____
Address _440 Western Ave. Suite 205_ _____ City _Glendale_ State _CA_ Zip _91201_
Telephone _818-247-8814_ Fax _818-551-5467_ E-mail _aallaw@gmail.com_

Real Estate Broker (Listing Firm) _Keller Williams VIP Properties_ _____ CalBRE Lic. # _01382726_
By _____ DocuSigned by: _Fred Louise McPhie_ CalBRE Lic. # _01180314_ Date _12/29/2015_
By _____ 2336E81E8C3F4E7... CalBRE Lic. # _____ Date _____
Address _____ City _____ State _____ Zip _____
Telephone _____ Fax _____ E-mail _____

---

**ESCROW HOLDER ACKNOWLEDGMENT:**

Escrow Holder acknowledges receipt of a Copy of this Agreement, (if checked,) ☐ a deposit in the amount of $ _____
counter offer numbers _____, ☐ Seller's Statement of Information and _____
_____ and agrees to act as Escrow Holder subject to paragraph 28 of this Agreement, any
supplemental escrow instructions and the terms of Escrow Holder's general provisions.

Escrow Holder is advised that the date of Confirmation of Acceptance of the Agreement as between Buyer and Seller is _____

Escrow Holder _____ Escrow # _____
By _____ Date _____
Address _____
Phone/Fax/E-mail _____
Escrow Holder has the following license number # _____
☐ Department of Business Oversight, ☐ Department of Insurance, ☐ Bureau of Real Estate.

---

**PRESENTATION OF OFFER:** (_____) Listing Broker presented this offer to Seller on _____ (date).
Broker or Designee Initials

**REJECTION OF OFFER:** (_____)(_____) No counter offer is being made. This offer was rejected by Seller on _____ (date).
Seller's Initials

©1991- 2015, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Buyer Acknowledges that page 10 is part of this Agreement ( _G.T._ )( _____ )
Buyer's Initials

Reviewed by _____
Broker or Designee _____

**RPA-CA REVISED 12/15 (PAGE 10 of 10)**

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 10 OF 10)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com    Casa Elisa

# Exhibit "C"

# Pathway escrow, inc.

27451 Tourney Road, Suite 180, Valencia CA 91355 • Tel: (661) 705-8440 • Fax (661) 705-8448

**SELLER'S CLOSING STATEMENT**
Estimated

| | |
|---|---|
| Escrow Number: 3032-2 | |
| Escrow Officer: Andrea McCune | |

| | |
|---|---|
| Title Order Number: | |
| Date: | 01/29/2016 - 1:01:25PM |
| Closing Date: | 03/16/2016 |
| Disbursement Date: | |

Buyer/Borrower: GRANT ELIAS TERSAKIAN

Seller: JAMES J. DUBRASKY and JANET C. DUBRASKY

Property: 24234 Vista Ridge Drive, Santa Clarita, CA 91355

| DESCRIPTION | | DEBITS | CREDITS |
|---|---|---|---|
| TOTAL CONSIDERATION | | | 575,000.00 |
| PRORATIONS/ADJUSTMENTS: | | | |
| Property Tax @ 3,891.69 per 6 month(s) 1/01/2016 to 3/16/2016 | | 1,621.54 | |
| COMMISSION(S): | | | |
| Listing Broker: Keller Williams VIP Properties | | 14,375.00 | |
| Selling Broker: Intellectual Property Group | | 14,375.00 | |
| TITLE CHARGES | | | |
| Owner's Premium for 575,000.00: Orange Coast Title Company | | 1,637.00 | |
| County Transfer Tax: Orange Coast Title Company | | 632.50 | |
| Wire/Messenger: Orange Coast Title Company | | 50.00 | |
| ESCROW CHARGES TO: Pathway Escrow, Inc. | | | |
| Escrow Fee | | 1,450.00 | |
| LOAN PAYOFF: To Be Determined | | | |
| Principal Balance | 510,547.16 | | |
| Total Loan Payoff | | 510,547.16 | |
| LOAN PAYOFF: BK | | | |
| Principal Balance | 15,900.00 | | |
| Total Loan Payoff | | 15,900.00 | |
| ADDITIONAL DISBURSEMENTS: | | | |
| Pest Inspection: Braveheart Pest & Termite Control | | 95.00 | |
| Home Owner's Warranty: American Home Shield | | 700.00 | |
| Natural Hazard Report Fee: Disclosure Source | | 133.50 | |
| Transaction/Additional Commission Fee: Keller Williams VIP Properties | | 175.00 | |
| Attorney Fee: Ingerson & Associates | | 5,700.00 | |
| Transfer Fee: Ross Morgan & Company | | 800.00 | |
| BALANCE DUE YOU | | 6,808.30 | |
| TOTALS | | 575,000.00 | 575,000.00 |

_____
JAMES J. DUBRASKY


_____
JANET C. DUBRASKY

THIS IS AN ESTIMATED CLOSING STATEMENT, FIGURES ARE SUBJECT TO CHANGE

EXHIBIT    C

# Exhibit "D"

B6I (Official Form 6I) (12/07)

In re  **James Joseph Dubrasky**
      **Janet Dubrasky**                                    Case No. _____

_____
                Debtor(s)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
| --- | --- | --- |
| **Married** | RELATIONSHIP(S): **None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
| --- | --- | --- |
| Occupation | **Estimating** | **Sales** |
| Name of Employer | **McCormick Consulting Group** | **BPG Property** |
| How long employed | **24 Years** | **3.5 Years** |
| Address of Employer | | |
| | **Burbank, CA 91504** | **Burbank, CA 91504** |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | | SPOUSE |
| --- | --- | --- | --- | --- |
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | | $ 6,730.06 | $ | 3,649.00 |
| 2. Estimate monthly overtime | | $ 0.00 | $ | 0.00 |
| 3. SUBTOTAL | | $ 6,730.06 | $ | 3,649.00 |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
| a. Payroll taxes and social security | | $ 911.99 | $ | 570.00 |
| b. Insurance | | $ 209.73 | $ | 54.66 |
| c. Union dues | | $ 0.00 | $ | 0.00 |
| d. Other (Specify): retirement (401k) | | $ 1,009.49 | $ | 547.36 |
| 401(k) Loan | | $ 874.21 | $ | 442.90 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | | $ 3,005.42 | $ | 1,614.92 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | | $ 3,724.64 | $ | 2,034.08 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | | $ 0.00 | $ | 0.00 |
| 8. Income from real property | | $ 0.00 | $ | 0.00 |
| 9. Interest and dividends | | $ 0.00 | $ | 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | | $ 0.00 | $ | 0.00 |
| 11. Social security or government assistance (Specify): | | $ 0.00 | $ | 0.00 |
| | | $ 0.00 | $ | 0.00 |
| 12. Pension or retirement income | | $ 0.00 | $ | 0.00 |
| 13. Other monthly income (Specify): **Fuel Allowance** | | $ 0.00 | $ | 300.00 |
| | | $ 0.00 | $ | 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | | $ 0.00 | $ | 300.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | | $ 3,724.64 | $ | 2,334.08 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | | $ | 6,058.72 |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
   **Debtor does not reasonably anticipate any increase**

EXHIBIT    D

B6J (Official Form 6J) (12/07)

In re    **James Joseph Dubrasky**
         **Janet Dubrasky**                                                    Case No. _____
_____
                        Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | | |
|---|---|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ | 3,366.00 |
| a. Are real estate taxes included? | Yes **X**    No ___ | | |
| b. Is property insurance included? | Yes **X**    No ___ | | |
| 2. Utilities:    a. Electricity and heating fuel | | $ | 255.00 |
| b. Water and sewer | | $ | 60.00 |
| c. Telephone | | $ | 0.00 |
| d. Other  **See Detailed Expense Attachment** | | $ | 447.00 |
| 3. Home maintenance (repairs and upkeep) | | $ | 80.00 |
| 4. Food | | $ | 450.00 |
| 5. Clothing | | $ | 55.00 |
| 6. Laundry and dry cleaning | | $ | 10.00 |
| 7. Medical and dental expenses | | $ | 20.00 |
| 8. Transportation (not including car payments) | | $ | 300.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ | 20.00 |
| 10. Charitable contributions | | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | | |
| a. Homeowner's or renter's | | $ | 0.00 |
| b. Life | | $ | 0.00 |
| c. Health | | $ | 0.00 |
| d. Auto | | $ | 368.00 |
| e. Other | | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | | |
| (Specify) _____ | | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | | |
| a. Auto | | $ | 279.70 |
| b. Other  HOA | | $ | 120.00 |
| c. Other | | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ | 0.00 |
| 17. Other _____ | | $ | 0.00 |
| Other _____ | | $ | 0.00 |

18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)     $ **5,830.70**

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:
    **Debtor does not reasonably anticipate any increase**

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---|
| a.   Average monthly income from Line 15 of Schedule I | $ | 6,058.72 |
| b.   Average monthly expenses from Line 18 above | $ | 5,830.70 |
| c.   Monthly net income (a. minus b.) | $ | 228.02 |

EXHIBIT        D

B6J (Official Form 6J) (12/07)

In re    James Joseph Dubrasky
         Janet Dubrasky                                          Case No. _____
                        _____
                              Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

Other Utility Expenditures:

| | |
|---|---:|
| Gas | $ 56.00 |
| Cable Television/Internet/Fax | $ 189.00 |
| Cell Phone | $ 182.00 |
| Trash | $ 20.00 |
| **Total Other Utility Expenditures** | $ 447.00 |

EXHIBIT    D

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
15760 Ventura Boulevard, Suite 800
Encino, CA 91436

A true and correct copy of the foregoing document entitled **DEBTOR'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY UNDER LBR 3015-1 (p).** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** – Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>February 2, 2016</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
    ATTORNEY FOR DEBTORS: John Chandler    john.chandler@wellsfargo.com
    ECF PARTY: Felicia Clay    felicia.clay@wellsfargo.com, felicia.clay@wellsfargo.com
    CHAPTER 13 TRUSTEE: Kathy A Dockery (TR)    efiling@CH13LA.com
    ECF PARTY: Angela Frazier    angela.frazier@wellsfargo.com
    ECF PARTY: Nancy L Lee    bknotice@rcolegal.com
    ECF PARTY: Kian Mottahedeh    kian@smlawca.com
    ATTORNEY FOR DEBTORS: Makoto Shuttleworth    enotice@pricelawgroup.com
    ECF PARTY: Ramesh Singh    claims@recoverycorp.com
    U.S. TRUSTEE: United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
                                                                    ☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On <u>February 2, 2016</u> I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

SEE ATTACHED SERVICE LIST

                                                                    ☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ ,I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

                                                                    ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 2, 2016 | Lidia Ramirez | _(signature)_ |
|---|---|---|
| Date | Typed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF. SERVICE**

Label Matrix for local noticing
0973-2
Case 2:11-bk-38012-NB
Central District of California
Los Angeles
Mon Feb 1 16:51:52 PST 2016

America's Servicing Co.
MAC X7801-014
3476 Stateview Blvd.
Fort Mill, SC 29715-7203

Quantum3 Group LLC as agent for
Galaxy Portfolios LLC
PO Box 788
Kirkland, WA 98083-0788

U.S. Bank National Association, as Trustee f
RCO Legal, P.S.
1241 E. Dyer Road, Suite
Santa Ana, CA 92705-5611

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

America's Servicing Company
1 Home Campus
Des Moines, IA 50328-0001

America's Servicing Company
Attention Bankruptcy Department
MAC: X7801-014
3476 Stateview Blvd
Fort Mill, South Carolina 29715-7203

Beneficial California
1854 East Alosta Avenue
Glendora, CA 91740

Bishop, White, Marshall & Weibel
901 Sunvalley Blvd, Suite 220
Concord, CA 94520-5817

Bureaus Investment Group Portfolio No 15 LLC
c/o Recovery Management Systems Corporat
25 SE 2nd Avenue Suite 1120
Miami FL 33131-1605

CIGPF I CORP
c.o Alliance One Receivables Mngmt
4850 Street Road, Ste 300
Trevose, PA 19053-6643

Capital One
Post Office Box 85167
Richmond, VA 23285-5167

Capital One Bank (USA), N.A.
by American InfoSource LP as agent
PO Box 71083
Charlotte, NC 28272-1083

Galaxy Portfolios, LLC
c/o B-Line, LLC
MS 550
PO Box 91121
Seattle, WA 98111-9221

HSBC Mortgage Services
P.O. Box 17580
Baltimore, MD 21297-1580

HSBC, Orchard Bank
Attn: Bankruptcy
PO Box 5263
Carol Stream, IL 60197-5263

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Los Angeles County Sheriff
300 East Olive
Case 08C01787
Burbank, CA 91502-1215

Orchard Bank
P.O. Box 19268
Portland, OR 97280-0268

Santander Consumer
Attn: Bankruptcy Dept.
PO Box 560284
Dallas, TX 75356-0284

Santander Consumer USA
Po Box 560284
Dallas, TX 75356-0284

Superior Court of CA, Los Angeles
23747 West Valencia Blvd
Valencia, CA 91355-2105

Toyota Motor Credit Corporation
c o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701

Vital Recovery Services, Inc
P.O. Box 923748
Norcross, GA 30010-3748

Weltman, Weinberg, & Reis Co., LPA
175 S. 3rd St., Suite 900
Columbus, OH 43215-5166

White & Whitley Group, LLC
c.o Law Offices of Kenosian & Miele
8581 Santa Monica Boulevard, Ste 17
West Hollywood, CA 90069-4120

James Joseph Dubrasky
24234 Vista Ridge Drive
Valencia, CA 91355-3162

Janet Dubrasky
24234 Vista Ridge Drive
Valencia, CA 91355-3162

Kathy A Dockery (TR)
700 S. Flower Street, Suite 1950
Los Angeles, CA 90017-4212

Kian Mottahedeh
SM Law Group, APC
16130 Ventura Blvd Ste 660
Encino, CA 91436-2543

Makoto Shuttleworth
Price Law Group, APC
15760 Ventura Blvd Ste 800
Encino, CA 91436-3000

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF

(d)Quantum3 Group LLC as agent for
Galaxy Portfolios LLC
PO Box 788
Kirkland, WA 98083-0788

End of Label Matrix
Mailable recipients    31
Bypassed recipients     2
Total                  33

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
15760 Ventura Boulevard, Suite 1100, Encino, CA 91436

A true and correct copy of the foregoing document entitled **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION.** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** – Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On February 23, 2016 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

ECF PARTY John Chandler    john.chandler@wellsfargo.com
ECF PARTY Felicia Clay    felicia.clay@wellsfargo.com, felicia.clay@wellsfargo.com
ECF PARTY Jonathan J Damen    BKnotice@rcolegal.com, RCO@ecf.inforuptcy.com
CHAPTER 13 TRUSTEE Kathy A Dockery (TR)    efiling@CHI3LA.com
ECF PARTY Angela Frazier    angela.frazier@wellsfargo.com
ECF PARTY Nancy L Lee    bknotice@rcolegal.com
ECF PARTY Kian Mottahedeh    kian@smlawca.com
ATTORNEY FOR DEBTORS Makoto Shuttleworth    enotice@pricelawgroup.com
ECF PARTY Ramesh Singh    claims@recoverycorp.com
U.S. TRUSTEE United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.   SERVED BY UNITED STATES MAIL:**
On February 23, 2016  I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
JUDGE
Hon. Neil W. Bason
United States Bankruptcy Court
255 E. Temple Street, Suite 1552
Los Angeles, CA 90012

DEBTOR
James & Janet Dubrasky
24234 Vista Ridge Drive
Valencia, CA 91355

☐ Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ ,I served the following persons and/or entities by personal delivery,overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 23, 2016 | David Begg |  |
|---|---|---|
| Date | Typed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF. SERVICE**